

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OCTAVIA C. DUHANEY | CIVIL ACTION |
| VERSUS | NO. 05-3104 |
| ORLEANS PARISH PRISON | SECTION "F" (1) |

### REPORT AND RECOMMENDATION

Plaintiff, Octavia C. Duhaney, was incarcerated within the Orleans Parish Prison system at the time she filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff named as the sole defendant "Orleans Parish Prison with Colonel Joseph acting as its representative."[1] In her complaint, plaintiff claims that she slipped and fell while at the jail, received inadequate medical care for her resulting injuries, and was verbally abused.

Plaintiff filed this lawsuit *in forma pauperis*.[2] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has broad discretion in determining the frivolous nature of

---

[1] Rec. Doc. 1, p. 3.

[2] Rec. Docs. 3 and 4.



the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[3] the Court finds that plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

In the complaint, plaintiff states that she slipped and fell at the Orleans Parish Prison on June 10, 2005. A nurse was summoned. However, before the nurse arrived, Colonel Joseph came to the scene. Joseph allegedly cursed plaintiff, telling her that she would be punished if she was not truly injured. The nurse then arrived, examined plaintiff, assisted her to her cell, and apparently made arrangements for her to be seen by the jail doctor that same day. The doctor told plaintiff she had an acute injury and prescribed Flexeril and Motrin. During a follow-up visit, plaintiff complained to the doctor that she was still experiencing pain and stiffness from the fall. He said he would schedule an x-ray for her. However, at the time plaintiff filed her complaint three weeks later, the x-ray had not been taken.

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

In order to give plaintiff an opportunity to better clarify the nature and factual basis of her claims and to properly identify the intended defendants, the Court scheduled a Spears hearing in this matter for November 30, 2005.[4] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989). However, upon being notified that plaintiff was no longer incarcerated within the Orleans Parish Prison system and that her current whereabouts were unknown, the Court subsequently had to cancel that hearing. Because plaintiff has not filed a change of address with this Court, the hearing cannot be rescheduled. In light of that fact, the Court must decide this case based solely based on the information contained in the complaint.

To the extent that plaintiff is attempting to assert a "slip and fall" negligence claim, such a claim is not cognizable under 42 U.S.C. § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983. In Daniels v. Williams, 474 U.S. 327 (1986), an inmate fell on a pillow negligently left in a stairway by a detention facility official. Arguing that this negligence violated his Fourteenth Amendment "liberty" interest in freedom from

---

[4] Rec. Doc. 7.

bodily injury without "due process of law," the inmate brought a lawsuit pursuant to § 1983. Id. at 328. Rejecting the inmate's claims, the Supreme Court noted: "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332. The Supreme Court held:

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he might rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted). Similarly, the Fifth Circuit has expressly noted that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983." Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (rejecting claim of prisoner whose ring was damaged after she slipped on a wet floor). Accordingly, plaintiff's "slip and fall" negligence claim is not cognizable in a § 1983 action.

To the extent that plaintiff is attempting to assert a claim against Colonel Joseph for verbal abuse, such a claim is likewise not cognizable. Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983.").

To the extent that plaintiff is asserting a claim for inadequate medical care, she has named no proper defendant with respect to that claim. The named defendant, Orleans Parish Prison, cannot be sued as an entity. A prison or jail is not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976). To the extent that plaintiff intended to name Colonel Joseph as a defendant, the complaint does not indicate that Joseph was in any way personally involved in the provision or denial of medical care to plaintiff. Without such personal involvement, Joseph could not be held liable in this lawsuit. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Additionally, the Court notes that Sheriff Marlin Gusman has filed a answer[5] in this lawsuit, despite the fact that he has not actually been named as a defendant. Out of an abundance of caution, the Court notes that plaintiff has not stated a claim against Gusman in either his individual or official capacity.

Plaintiff's allegations are clearly insufficient to state an individual-capacity claim against Gusman. The United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional

---

[5] Rec. Doc. 6.

violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). In the complaint, plaintiff makes no allegations whatsoever that Gusman was personally involved in any of the events giving rise to plaintiff's claims. Again, without such personal involvement, Gusman cannot be held liable in his individual capacity.

Plaintiff also has failed to state an official-capacity claim against Gusman. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental entity he serves, the Orleans Parish Criminal Sheriff's Office. However, in order to hold a local governmental entity accountable for a constitutional violation, a plaintiff must show that (1) an employee of the local governmental entity violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported denial of proper medical care resulted from an official policy or custom adopted or maintained by the Orleans Parish Criminal Sheriff's Office. Accordingly, plaintiff has failed to state an official-capacity claim.

Moreover, in any event, plaintiff's underlying medical claim is frivolous. Plaintiff states in her complaint that a physician examined her on the same day as her fall and prescribed pain medication. She was subsequently called back for a follow-up visit and told that an x-ray would be

6

scheduled. Plaintiff complains that, at the time she filed the complaint, three weeks had passed and the x-ray had not been taken. Those facts, even if true, do not rise to the level of a constitutional violation.

It is clearly established that the constitutional rights of an incarcerated person, whether she is a pretrial detainee or a convicted prisoner, may be violated if her serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

It is obvious from reading plaintiff's complaint that she was frustrated from what she perceived to be a lack of quality medical care at the Orleans Parish Prison. However, a disagreement

between an inmate and the medical staff concerning whether certain medical treatment was appropriate generally is not actionable absent exceptional circumstances. Id. Additionally, the mere fact that a prisoner's medical treatment was ultimately unsuccessful does not give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, to the extent that plaintiff is simply arguing that she was not given the best medical care available, that is not the constitutional standard. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992) (the fact that medical treatment "may not have been the best money could buy" was insufficient to establish a constitutional violation); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available). Rather, as noted, the applicable test is whether prison officials were *deliberately indifferent* to plaintiff's serious medical needs. Plaintiff makes no express allegation of deliberate indifference, and deliberate indifference cannot be inferred from the facts alleged.

At best, plaintiff's claim is one for medical malpractice or negligence, and, as such, is not cognizable in this federal civil rights action. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action."). Allegations of malpractice or negligence alone are never sufficient to state a claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____ day of December, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE